# In the United States Court of Federal Claims

No. 22-1393

Filed: October 28, 2022

| | |
|---|---|
| **ISAAC HASHI,** | |
| *Plaintiff*, | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff, Isaac Hashi ("Mr. Hashi"), filed the Complaint in this case on September 21, 2022. (Compl., ECF No. 1). Mr. Hashi's Complaint names six defendants: the U.S. Department of Justice ("DoJ"), the U.S. Bureau of Prisons ("BoP"), and four employees from the DoJ and the White House. (Compl. at 1). In sum, Mr. Hashi alleges that Jeffrey Clark,[1] then employed by the DoJ, instructed the Director of BoP to change Mr. Hashi's confinement status to "Designated Slave of United States," an action which, along with the refusal to correct his status and permit redress in the Courts, violates the 13th Amendment to the United States Constitution. (Compl. at 2–3). Mr. Hashi seeks entry of a judgment that his rights have been violated, $100,000 in damages from each defendant, a jury trial, appointed counsel, his costs related to this action, and a determination of whether any international agreements were violated. (Compl. at 3).

Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). While the Court recognizes that a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), this leniency cannot be extended to relieve a pro se plaintiff of the jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). If the Court determines "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (finding court may act sua sponte when jurisdiction is lacking) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)). That is the situation here, as Mr. Hashi's Complaint fails to establish any basis for exercise of the Court's jurisdiction.

---

[1] Presumably, the Jeffrey Clark identified by Mr. Hashi refers to the former DoJ Assistant Attorney General for the Environment and Natural Resources Division, and later the Acting Assistant Attorney General for the Civil Division.

The Court of Federal Claims is "a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Simply put, this Court resolves disputes over access to the federal coffers. In establishing the Court's jurisdiction, the Tucker Act waives sovereign immunity for claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the United States; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money by the United States. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004). Standing alone, however, the Tucker Act itself does not create a substantive right enforceable against the United States. *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). To come within the Court's jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). A constitutional provision or statute is only money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

Here, Mr. Hashi's Complaint lists federal agencies and officials as defendants, rather than the United States itself. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (Court's jurisdiction excludes relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants . . . jurisdiction over suits against the United States, not against individual federal officials."). On this basis alone, dismissal of Mr. Hashi's Complaint is warranted. *See* RCFC 10(a) (noting that the United States is the only properly named defendant in complaints filed at the Court of Federal Claims).

More importantly, the only source of substantive law Mr. Hashi identifies is the 13th Amendment, which provides in relevant part that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, §1. However, the Thirteenth Amendment is not money-mandating. *See Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017); *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007). Further, Mr. Hashi's only other claim is that BoP officials violated his right under the First Amendment. (Compl. at 2). Claims under the First Amendment also do not provide "sufficient basis for jurisdiction," as they do not mandate payment of money. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Accordingly, because Mr. Hashi's Complaint does not allege violations of any money-mandating sources of substantive law by the United States the Court lacks subject matter jurisdiction and must dismiss the case under RCFC 12(h)(3).

Mr. Hashi also moved for leave to proceed in forma pauperis. (ECF No. 6). The Court **GRANTS** that motion. For the stated reasons, Mr. Hashi's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3). The Clerk **SHALL** enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge